**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| NEIL BURKHART and wife, ) | |
| CONNIE BURKHART, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:10-CV-91 |
| ) | (Phillips) |
| STARR CREST OWNERS ASSOCIATION, INC., ) | |
| and RANDALL E. USSERY, ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' motion to remand the case to state court [Doc. 4]. Defendants have failed to respond to the motion for remand and pursuant to LR 7.2, their failure to respond will be deemed a waiver of any opposition to the relief sought. Because this court does not have diversity jurisdiction under 28 U.S.C. § 1332, the plaintiffs' motion will be granted and this matter remanded to the Chancery Court for Sevier County, Tennessee.

This action involves a dispute concerning the responsibility of the parties to maintain a well and well system serving the plaintiffs' vacation rental home. Plaintiffs filed the original action in the Chancery Court for Sevier County, seeking an interpretation of the Starr Crest Subdivision Declaration of Covenants and Restrictions, and to determine the parties' rights. The state court granted the plaintiffs a temporary restraining order and set

the matter for hearing on March 10, 2010. Defendants removed the action to this court citing diversity jurisdiction under 28 U.S.C. § 1332, on March 8, 2010, prior to the scheduled hearing in state court. Plaintiffs now challenge the removal and request remand. In support of their motion, plaintiffs state that this court does not have diversity jurisdiction under 28 U.S.C. 1332, because there is no amount in controversy. In addition, plaintiffs state that another homeowner in the subdivision, who is a Tennessee resident, has filed suit in the Chancery Court for Sevier County, alleging the same basic facts and seeking the same relief as these plaintiffs. *See* <u>Burl Wayne Chambers and wife, Victoria Chambers v. Starr Crest Homeowners Association, Inc., and Randall E. Ussery</u>, Case No. 10-3-49, Chancery Court for Sevier County, Tennessee. Plaintiffs state that a remand of the instant case would allow the two to be consolidated in the interests of judicial economy.

<u>Analysis</u>

In the absence of federal question jurisdiction, the jurisdictional basis for removal in this matter must consequently stand on diversity jurisdiction alone. To that effect, federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Correspondingly, any case brought before a state court is subject to removal where the relevant federal court also possesses original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Because defendants seek the jurisdiction of this court upon removal, as opposed to an original federal filing by plaintiffs, defendants bear the burden of demonstrating that complete diversity exists among the parties and that the amount of controversy exceeds $75,000.

Plaintiffs do not dispute that complete diversity exist in the instant action. Nevertheless, plaintiffs maintain that defendant has not established an amount in controversy in excess of $75,000. Under traditional analyses, district courts consider "the amount alleged in the complaint and should not dismiss a complaint for lack of subject matter jurisdiction 'unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.'" *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir. 1996). However, because the instant action is for a declaration of rights only, the valuation analysis proceeds somewhat differently.

Where a party seeks a declaratory judgment, "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation. *Jordan Ice Cream Co. v. Grange Mutual Casualty Company*, 2006 WL 3497767 *2 (E.D.Ky. Dec. 4, 2006). In other words, "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). Accordingly, in this declaratory judgment and removal context, defendants have the burden of establishing that there is a "substantial likelihood" or "reasonable probability" that the true amount in controversy, *i.e.,* the "object of the litigation," exceeds the $75,000 jurisdictional threshold. *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

The sole claim in this case is one for declaratory judgment based upon an interpretation of the Starr Crest Subdivision Declaration of Covenants and Restrictions, and

no amount in controversy was alleged in the complaint. The notice of removal filed by defendants places the value of the controversy in excess of $75,000. However, defendants have not responded to plaintiffs' motion to remand, and have not provided the court with any facts to substantiate defendants' value of any declaratory judgment in plaintiffs' favor. Therefore, the court finds that the dollar value of plaintiffs' complaint, if any, is completely unknown and unknowable at this time. Under these circumstances, plaintiffs' claim cannot be assigned a monetary value and, consequently, is too speculative and immeasurable to satisfy the jurisdictional amount. Finding no support for the notice of removal's statement that plaintiffs' claim for declaratory and injunctive relief meets the jurisdictional amount in controversy, the court finds jurisdiction lacking. Because this case was removed from state court, the appropriate action is remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Moreover, plaintiffs have informed the court that another lawsuit has been filed in the state court alleging the same basic facts and seeking the same relief. Thus, the parties would be in the position of having to litigate these matters in two separate courts. The parties do not contend – and the record does not suggest – that federal law is implicated in either action, which suggests that both actions are the subject of state law with which the state courts are more familiar and therefore, better able to resolve. As the Sixth Circuit explained in *Am. Home Assur. Co. v. Evans:*

> We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We

> also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

*Id.*, 791 F.2d 61, 63 (6th Cir. 1986). Accordingly, the court finds alternatively, that because a second lawsuit has been filed alleging the same facts and seeking the same relief, the interest of judicial economy would be served by a remand of the instant case to state court.

## Conclusion

For the foregoing reasons, the court finds that it lacks subject-matter jurisdiction over the claims in this action because the jurisdictional amount in controversy is not satisfied. Accordingly, pursuant to 28 U.S.C. § 1447(c), this action is hereby **REMANDED** to the Chancery Court for Sevier County, Tennessee.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge